## C. L. BROWN, Appellant, v. FELIX GARTEN *et al.,* Appellees.

Wills: PAROL AGREEMENT TO MAKE ONE DEVISEE: EVIDENCE. In an action against the administrator and heirs of the estate of a decedent to enforce specific performance of an alleged agreement between the plaintiff and said decedent, whereby the latter was to will the plaintiff all of her property if he would live with, and take care of, her as long as she lived, it appeared that the deceased was seventy years old when she died, and had an estate valued at about six thousand dollars; that the plaintiff had been raised and educated by the deceased and her husband, and that he returned from school and took up his abode with the deceased only about three months before she died; that the alleged oral agreement to devise all of her property to the plaintiff consisted of statements and declarations made by the deceased during these few months preceding her death; that, after her death, the plaintiff claimed certain articles of personal property when the administrator was preparing his inventory, bid in certain property at the administrator's sale, giving his notes therefor, filed a claim for two months' work rendered the deceased, and did other acts inconsistent with his claim herein of the alleged contract. *Held,* that the agreement was not established by the evidence.

*Appeal from Lucas District Court.*—HON. W. I. BABB, Judge.

### MONDAY, OCTOBER 16, 1893.

THIS is a suit in equity, brought against the administrator and heirs of Nancy Critser, deceased, to enforce the specific performance of a verbal contract, which the plaintiff alleges he made with the deceased, by which she agreed with the plaintiff that, if he would live with her, and take care of her as long as she lived, he should have all of her property at her death, and that she would carry out the said contract by her will. It is claimed that the plaintiff fully performed said contract, but that said deceased, in consequence of sudden sickness, was prevented from making her will as she promised and intended to do, and died

intestate.   There was an answer in the nature of a general denial.   A hearing was had on the merits, and the plaintiff's petition was dismissed, and judgment was rendered for the defendants for costs.   The plaintiff appeals.—*Affirmed*.

*Stuart & Bartholomew*, for appellant.

*Mitchell & Penick*, for appellees.

ROTHROCK, J.—It is contended by the parties that this appeal must be determined upon the single fact whether such a contract as the plaintiff claims was actually made.   An examination of the competent evidence in the case leaves us in no manner of doubt on that question.   Nancy Critser, the deceased, was the owner of a farm and certain personal property of the aggregate value of from six thousand to seven thousand dollars.   She died in the month of April, 1890, at the age of seventy years.   The deceased was a widow. She was united in marriage with Jacob Critser in the year 1837.   She and her husband resided on the farm, and he died in the year 1880, and by his will devised the farm to her, and she continued to reside thereon until her death.   They never had any children.   When the plaintiff was about one year old, the said Critser and his wife received him into their home, and cared for and supplied him with food and raiment, and sent him to school, the same as if he had been their own child. He was absent from home at school for some time, and up to about three months before the death of Nancy Critser.   The plaintiff was twenty-three years old at the time of the trial in the court below.

The competent evidence of an oral contract, such as claimed by the plaintiff, consisted of statements and declarations made by the deceased during the last few months of her life.   These statements are, to say the least, competent evidence that the deceased intended

to make a will, and devise all of her property to the plaintiff. It is true, many of these statements were made in conversations about her feeble health, and her need of assistance in her old age, and are what are sometimes called "loose and random statements." On the other hand, the acts of the plaintiff after the death of Mrs. Critser show quite conclusively that he had no thought that any such contract existed. We need not cite all of these acts. A reference to some of them will be sufficient. An administrator was appointed a few days after the death of Mrs. Critser, and an inventory of the personal property was taken. While the inventory was being made the plaintiff claimed the ownership of a number of articles of property, including a saddle and bed. They were left out of the inventory and given to the plaintiff. A public sale was had. The plaintiff was present, and assisted at the sale. He bid off a horse and a wagon, and gave his note, with security, the same as other purchasers. After the inventory, and before the sale, he claimed one of the horses listed in the inventory, and brought an action of replevin for the horse. He made a claim against the administrator for two months' work. He verified and filed the claim, and it was paid. The time that he claimed for his work was the two months previous to the death of Mrs. Critser. Afterward he conceived the idea that he ought to be made an heir, and have some of the property.

It is true that the plaintiff claims that these acts and claims made by him occurred because he was ignorant of his rights. It would be rather a wide departure from the proper consideration of evidence to accept such an explanation. The fact stands out all through the record that all of the acts of the plaintiff up to about the time this suit commenced are absolutely inconsistent with the claim that any such contract as he now asserts ever existed. The case requires

no further consideration. When it is conceded, as it must be, that to enforce such a contract it must be established by clear and unequivocal evidence, it is an end of the case. As we read the evidence, it falls far short of that test, and there are no equitable considerations in favor of the plaintiff.

The decree of the district court is AFFIRMED.